■ THEODORE S. WEISS, Appellant-Respondent, v ZELDA WEISS, Respondent-Appellant. — Order and judgment (one paper), Supreme Court, New York County, entered March 28, 1980, which, *inter alia,* directed the plaintiff to pay alimony arrears in the sum of $3,200 with interest thereon in the sum of $100 for the period May through December, 1979, unanimously modified, on the law and the facts, by reducing alimony payments to $450 per month as of June 27, 1979 and by reducing arrears and the interest thereon accordingly, and as modified, affirmed, without costs. In an order, entered October 30, 1978, Justice Evans increased alimony payments from $200 to $600 per month. This increase was to remain in effect so long as the defendant remained unemployed through no fault of her own. We affirmed, without opinion, that order of Justice Evans (68 AD2d 1022). In an order entered June 5, 1979, Justice Ascione directed the plaintiff to pay the $400 increase in alimony for the period November, 1978 through April, 1979. Since plaintiff has not appealed Justice Ascione's order, that matter is not presently before us. On June 27, 1979, plaintiff moved for a downward modification of alimony because his wife was employed. Defendant cross-moved to hold plaintiff in contempt and for arrears. After a hearing was held before a Special Referee, Justice Evans entered an order and judgment (one paper) on March 28, 1980, in which he, *inter alia,* confirmed the Special Referee's report and directed plaintiff to pay $400 in monthly arrears for May through June, 1979. Based upon the evidence submitted to the Special Ref-

eree, we find that the defendant's net income for 1979 was $5,301. In order to be consistent with his prior order as affirmed, Justice Evans should have reduced the alimony payments to reflect that income. Considering all the circumstances of the parties, we find that the alimony payments should have been reduced to $450 per month as of June 27, 1979, the date of the plaintiff's motion for that relief. Should defendant's net income increase substantially above the 1979 level, or after a sufficient time has elapsed to furnish a basis for estimating defendant's reasonably assured earning capacity, plaintiff may seek such further relief as is warranted. We find no merit to the other points raised by the parties upon appeal. Concur — Murphy, P. J., Carro, Lupiano and Silverman, JJ.